IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIE J. BURNS, )
)
      **Plaintiff,** )
)
v. ) Case No. 1:19-cv-196
)
ERIE COUNTY PRISON, et al., )
)
      **Defendants.** )

## MEMORANDUM ORDER

This action was received by the Clerk of Court on July 9, 2019 and was referred to United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules pertaining to Magistrate Judges.

On September 3, 2019, Magistrate Judge Lanzillo issued a Report and Recommendation recommending that Plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. [1], be granted and the within action be dismissed as legally frivolous in accordance with 28 U.S.C. §1915(e). Plaintiff filed Objections to the Report and Recommendation on September 20, 2019. ECF No. [3].

In his objections, Plaintiff challenges the recommended dismissal of his First Amendment retaliation claim – specifically, Judge Lanzillo's conclusion that Plaintiff did not allege adverse action that would be sufficient to "deter a person of ordinary firmness" from exercising his First Amendment rights. *See* ECF No. [2] at 5 (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000)). Judge Lanzillo opined that, pursuant to Third Circuit precedent, Defendant Holman's written statement that Plaintiff might receive a misconduct if he filed another

1

"harassing communication" was insufficient, as a matter of law, to establish adverse action. *See id.* at 5-6 (citing authority). Plaintiff insists that, as a result of being "threatened with disciplinary action," he has not filed any further grievances and he fears for his safety. ECF No. [3], ¶2. Plaintiff's own subjective feelings and perceptions are immaterial, however, because the existence *vel non* of adverse action is determined using an objective standard. *See Vaughn v. Cambria Cty. Prison*, 709 F. App'x 152, 154 n.1 (3d Cir. 2017) ("ordinary firmness test is an objective one, not subjective.") (internal quotation mark and citation omitted); *Banda v. Corniel*, 682 F. App'x 170, 174 (3d Cir. 2017) (whether the plaintiff "was *actually* deterred is immaterial" to determining whether he or she suffered an adverse action) (emphasis in the original). Judge Lanzillo's recommendation on this point appears to be in accordance with Third Circuit authority, and Plaintiff cites no persuasive basis for finding otherwise.

Plaintiff next objects that the grievance system at Erie County Prison is "illigitimate [sic], all wrong and totally biased," because Holman is "Judge and Jury and its [sic] all prejudicial and biased." ECF No. [3], ¶3. Relatedly, Plaintiff asserts "[i]t's unconstitutional that if [Plaintiff] wanted to Grieve the counselor, that [he] would have to go through the counselor to even obtain a grievance." Id. It is well-established, however, that prisoners do not have a constitutionally protected right to a grievance process. *See Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 200) (*per curiam*); *see also Bowman v. Wahl*, No. 2:19-CV-03092-JDW, 2019 WL 3713880, at *2 (E.D. Pa. Aug. 6, 2019) (holding that plaintiff's claims based upon the handling of his prison grievances failed to state a plausible constitutional violation). Accordingly, Plaintiff's complaints about the manner in which grievances are handled does not state a plausible constitutional due process claim.

After *de novo* review of the complaint and documents in the case, together with the report

2

and recommendation and objections thereto, the following order is entered:

AND NOW, this 25th day of October, 2019;

IT IS ORDERED that the Plaintiff's motion for leave to proceed *in forma pauperis,* ECF No. [1], shall be, and hereby is, GRANTED.

IT IS FURTHER ORDERED that the within civil action shall be, and hereby is, DISMISSED as legally frivolous in accordance with 28 U.S.C. §1915(e)(2). Inasmuch as the defects in Plaintiff's complaint cannot be cured through further amendment, the complaint is dismissed with prejudice, and without leave to further amend. The Clerk is therefore directed to mark this case "CLOSED."

Finally, IT IS ORDERED that the report and recommendation of Magistrate Judge Lanzillo, issued on September 3, 2019, ECF No. [2], is adopted as the opinion of the court.

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

cm: WILLIE J. BURNS
12121
Erie County Prison
1618 Ash Street
Erie, PA 16503-2198

(via U.S. mail, first class)

3